Good morning, Bert Bertranee Cottle on behalf of Plaintiff and Appellant Nick Zanze. I intend to keep my comments brief. I think it may be a benefit to give a brief chronology of some of the events of this case. This involves a situation of a recruiting company. Mr. Zanze was an employee of that company. He was first employed in February of 2001. He entered into an employment agreement, which by its term stated it was for three years. But the fact of the matter was he continued being employed by the company for over eight years and ostensibly under the terms of that agreement. In September of 2005, he signed a second document entitled Commission Plan, which served to change the commission arrangement he had been working under. His employment actually ended in June of 2008. He filed his lawsuit in March of 2009. And then what is before the court, defendants brought a 12B6 motion as to the initial complaint, which was filed on June 8th of 2009, and was granted with prejudice and without leave to amend. The issues framed in Mr. Zanze's complaint were really twofold. There were two areas. What was alleged that this defendant had a policy that incorporated into its contracts of a non-compete provision as to its employees that would occur post-termination and was open-ended, that they essentially could not compete within this industry. The second was their commission policy, as stated both in the commission plan as to this client and as alleged as their company policy, that was referred to as a forfeiture provision that essentially held that if an employee was not continuing their employment as of the end of the month, the last working day of the month, any commissions earned prior to that termination date were forfeited. The district court determined, and we believe incorrectly, that the non-compete claim was barred by a four-year statute of limitations, and that as to the forfeiture provision, the plaintiff had failed to allege facts indicating that the withholding of commissions occurred in a manner inconsistent with state law. We detailed in our briefs our arguments in response to that. However, first of all, as to the non-compete provision, the district court cited California Business and Professions Code 17-208 as the applicable four-year statute of limitations. This provision, 17-208, states, any action to enforce a cause of action shall be commenced within four years after the cause of action accrued. The question then becomes, when did the cause of action accrue? Would this have been triggered at the date of termination of the, as recited in the employment agreement of three years? Would it be triggered as of the end of his actual employment with the company in 08? Or would it be triggered by an act of the employer at some point in the future to enforce this non-compete provision? Additionally, in regards to the court's concern about this, the court was apprised at the hearing that two other employees of this firm had just retained plaintiff's counsel the same week as that hearing, and that this may well have addressed, if we would have been allowed to amend, would have addressed any concerns the court had as to the statute of limitations. Well, you knew, you were aware that the defendant had objections to your complaint, that it didn't have sufficient factual allegations. You could have amended at any time to include more, to meet the new pleading standards since Iqbal. That is correct. We felt then, and we still felt, that our complaint, for purposes of a notice pleading, was sufficiently pled. The Supreme Court kind of cut back on that notice pleading with that case. It was two years ago, I think. I understand. But again, the facts as pled. And you really have two issues. You have one as to this non-compete provision, and then you have this forfeiture provision. And the issue as to this forfeiture provision was, we alleged, that there were commissions that were earned, that were withheld improperly and illegally, and were contrary to public policy and to specific state regulations. Do you concede that the class allegations are not before the court? My understanding from what the district judge said is that you didn't comply with the local rules on filing. No, I don't concede that, because as indicated in our brief, prior to the timeline on that, we had filed an ex parte application for an extension of the time for class certification. That was pending, and also for early discovery. That ex parte motion was pending before the court, and in fact, there had been opposition filed to it. It was not noticed for the hearing at the time of the 12b-6 motion, and the judge commented upon the class certification issue, but certainly wasn't argued or wasn't heard and was still pending at the time that he ruled dismissing the action. And of course, if the judge is right on the 12b-6, the class action issue becomes moot because the complaint is gone. My understanding of the case is that the judge dismissed on 12b-6 with prejudice, that is to say, without giving you a chance to replead. That's correct. So sometimes parties will be dismissed on 12b-6, and they say, I'll stand on my complaint. Would you have replead had you had a chance? In light of the court's statements, I think we could have replead. We probably would have, assuming it hadn't given us an opportunity to amend, we could have. Did you ask the court for an opportunity to amend? Yes, that was argued, that we would be given leave to amend. And he said no. And he said he proceeded to rule. It was a very perfunctory ruling. The basic rule is, unless it's apparent that repleading would be futile, it's a virtually automatic reversal if the district judge dismisses the first time a 12b-6 motion is granted with prejudice. I mean, it's not to give somebody a chance to replead unless it is obvious that repleading would be futile. I agree. That's a hint to you guys. I agree. And the specific issue as to jumping over to the forfeiture provision, it was pled that this particular named plaintiff, a potential class representative, there was no statute of limitations issue with him. There were commissions owed to him as of the time of termination of his employment, and that they were denied based upon this forfeiture provision because he didn't work as of the last day of the month. So is that you didn't allege that in this current complaint? We allege that. And apparently the court seemed to indicate that the court had a problem with the issue of whether or not we allege this. I don't know if it was a specific amount. Specific. He wanted a specific amount that you were owed. And we could have amended to add that amount. You could have. Yes. And the other issue as to the forfeiture provision, the court stated that it found that the provision in his specific contract, bearing in mind we allege that this was both based upon not contract, but commission plan, the second document, we allege that that language was contrary to law. And the way that they in fact implemented their commission policy was contrary to law. Yes. But isn't that the policy that they say consistent with the law of each state? Exactly. But you're saying you could have amended the complaint to say, to demonstrate that they didn't follow that policy. In fact, that was alleged in the complaint. It was a broader pleading. What he's saying is you needed to have specific facts that showed that. That's what I understand. We should have, I guess the court felt we should have alleged the specific, I guess, commissions that were outstanding as a date of termination. Ways in which they didn't comply with the stated policy. As opposed to what we believed and we felt that we were sufficient based on notice pleading that we had alleged that there was commission. I'm afraid everybody has to get over notice pleading. Okay. But that provision, going to the term consistent with state law, what our position is, is one of two things. Either that, and that's what they have as an initial portion to their commission statement. It says consistent with state law, the, no commission will be paid if an employee terminates their employment prior to the last business day of that month that the commission was due. And you can look at that one of two ways. Either if that was merely a, if the company followed that policy, which they didn't, the court found that this was a qualifying provision. To me it's more of just a declaratory statement. And one of two things. Either the company, while we stated it was merely a surplusage, a declaratory statement that they didn't follow. Or if in fact it was qualifying, they were breaching their own commission agreement. And we contend not only as to this plaintiff, but this was their standard policy across the board. So we're correct. We felt, your statement about our right to amend, we felt that we should have been given the opportunity to amend. Not, although notwithstanding that we felt our pleading was sufficient as first presented. And unless you have other questions, I'll submit. Okay, thank you. Thank you. May it please the court. Ryan Fischbach of Baker & Hosteller on behalf of Selling Services. I have co-counsel Margaret Rosenthal of Baker & Hosteller as well. Let me address the two issues, the two main claims brought by the plaintiff in his complaint. The non-compete allegations. Why don't we address the question of with prejudice. The futility of amendment. Did you oppose their request to relate to amend the complaint? It's our position that the way the allegations in the complaint and the admissions. I asked, did you oppose their request for leave to amend the complaint? Yes, Your Honor. You did oppose. Yes. And, okay, so on what ground? On the ground that as the claims alleged in the complaint could not be cured by amendment. It would be futile to give them leave to amend. Well, opposing counsel says he could have, for example, one of the problems the district court had was that specific amounts were implied. And he says, well, I could have done that. I could have tallied that up and put it in. Well, on the specific amount, that's one narrow issue. And he was actually given multiple opportunities to state those amounts. In fact, to this day, he still has not stated those amounts. Right. But he could, if that, if he could state those amounts in an amended complaint, why shouldn't he be given the opportunity to do it? And then if he can't do it, then you dismiss with prejudice. And the specific amounts I believe that he's referring to only relate to a single claim in the ninth cause of action. Okay. That's one claim. But didn't that also go to whether or not Mr. Zanz was in a position where he could also represent a class? I don't believe so, Your Honor. Was that on the other claim? Correct. That specific claim on the amount of the, it was the unpaid wages claim, which I believe are contradicted by his other admissions in the record, was not a class claim. That was an individual claim. And he said he could also add in examples of where, although your policy said it was self-conforming to state law, he could add in specific factual circumstances where the policy was not applied in conformance with state law. I believe he's representing that today. And the allegations in the complaint and the issues in the record were that the policy itself, the way it was written, was not conforming with state law. Their claim is that because the policy says you have to be employed on the last day of the month to earn a commission, that's a violation of state law. That's an unlawful forfeiture. And we cited in the record a case of 2009, California decision, NINE versus HOSPRO, which said exactly the opposite. It said a provision saying you have to be employed, basically have to be employed in order to earn a commission, is valid under state law. And the facts in NINE are actually much more hostile to the employee, if you would, than the facts in our case here. In NINE, the employee brought a deal to his company. He basically worked on it for a year, was expecting a huge commission at the end, and a month before that commission was going to be earned, he was terminated by his company. Here, Zanzay worked. He was given a large base salary. He was working at commissions all the way up until the last month. He voluntarily decided when he was going to quit, and he left Zanzay in the middle of the month. He could have waited until the end of the month if there was some commission he thought was owed that he wanted to get. He chose not to. And so in terms of amending or revising his commissioning claims, statements, there's nothing in the record and nothing I heard today where they have any new allegations they could allege that would say that the provision itself is somehow in violation of California law. And that was the issue that was decided. And in terms of the non-compete, if we can get to that issue, or I'm afraid to move on. I wanted to see, I'm looking back, this is the last case of the whole week, so I'm trying to remember whether the district judge made a finding that this was futile, that amendment would be futile. I don't believe he made an affirmative finding of futility or not. It was silent on that issue. He said the claims are stated, failed to state a claim, and the basis of the claims, if you look at the actual basis of the claims, they're not on any specific facts of Zanzay was treated this way or not. He says this provision is unenforceable. Same thing with the non-compete. This is an invalid non-compete. The allegations and complaint are all in the generic plainness. They're not specific to Zanzay saying I had this experience, I had that experience. It's attempted to be a nationwide class action saying everybody who's subject to the exact same agreement, the agreement itself, the provision of the agreement, that's the problem. I agree the complaint is not, it could be improved. I definitely agree with that. But even in the Iqbal case, the case ends up going back for repleting, ultimately. It goes back through the court of appeals and then back to the district court. This is a pretty radical interpretation of Twombly and Iqbal, that you file a thin, no disrespect intended, but thin is actually a flattering way to describe it, complaint, and you come back and say can I amend and fix it and fill in the blanks, and the judge says no. I mean, that's really not, in my judgment, the next interpretation of Twombly and Iqbal. And I would contend it's not that it's thin, that there's some facts they could allege, they just fail to allege the facts. There are no facts they can allege, given the concept of their pleading, the theory behind their allegations. Their theory is that this commission plan, because it says you have to be employed at the end of the month or in a commission, is inherently in violation of California law. And there's a case nearly directly on point saying no, that's not the case. That type of provision is valid. And so I'm not sure what they could possibly amend to contradict that. And that was the issue, why there's no reason to allow amendment because it would be futile. You know, it's really, this has happened a lot. It's kind of troublesome when, you know, I know it's not, you've got a great ruling from this judge and it's in your client's interest, and what are you supposed to say? No judge, give them leave to amend. But then we have to go up to the Ninth Circuit and probably back down to give them leave to amend. When they just had leave to amend, and maybe you're absolutely right, there's no way that they could have amended to state a claim. Then we could have saved a lot of time, effort, and energy. And I agree, Your Honor. And it's troublesome because we keep seeing it. And it's troublesome, but it's troublesome on both sides. Because here, this is a central district case. There's a local rule 7.3 that says you have to meet, confer. We did that in good faith. It was an extensive conversation saying, look, here's all the problems you have. It's flawed. Can you fix it or not? No, I agree. That was the first question I asked. Why not just fix it? Well, he thinks that we're in a world of notice pleading. Right. And he didn't fix it. And then he had a chance. He got a long motion detailing all the reasons why his complaint was flawed. He didn't amend that. And even to this day, even after the call and the pleadings on this brief now, on six different chances, he had two chances to actually amend as a matter of right in the district court. He had a chance to actually argue in his briefing or at the hearing how he could amend. He's had now three chances in the court of appeals to argue how he could amend. And not once has he done that, which leads me to believe he can't do it, which is our contentional law. It's not like he's saying, oh, let me just do this one thing, and it'll cure all the defects in the complaint. He can't articulate to this day what he could possibly prove that would be a valid point. Thank you. Can I get your comments? Sure. Simply, we've been focusing on the commission agreement, but the one point that we'd like to clarify on the non-compete agreement is there is no non-compete agreement.  There is no non-compete agreement that says that he may not compete. There is only a provision that says you may not use unfair business practices and our confidential information to do certain things. Nowhere does it say, and we understand that he is, in fact, competing, and he doesn't allege that there's been any action taken to stop it. But nowhere does it allege that there is language in this agreement that, in fact, says he may not compete. And I just wanted to clarify that for the record on the issue of utility, because how can, if there is not a provision prohibiting non-competition, how can he amend that? Excuse me for interruption. In fact, just on the non-compete issue, which is based exclusively on his employment agreement, which he signed in 2001, as discussed in the record, there's numerous problems with his ability to ever enforce that claim. Because, first of all, the non-compete agreement, he says it's included only in the employment agreement, but then in his pleadings he admits that the commission plan governed and continued to govern his employment through his departure in 2008. That commission plan, which was signed in 2005, after the expiration of his employment agreement, also specifically says it supersedes all prior agreements between the parties. So, again, it's the issue of how we can amend. He can't sue on the alleged non-compete. Correct. The statute of limitations. Yeah. Is there anything else? No, Your Honor. As we said, they've had their chances. We tried to work with them to, if they could amend the complaint, let them amend it. We gave them notice. They had the opportunity. I don't believe they can amend. There's nothing in the record indicating they could amend. An amendment would be futile. So we respectfully request that the district court's ruling be affirmed. All right. Thank you, counsel. All right. Sands v. Knelling Services is submitted, and this session of the court is adjourned. All rise. This court for this session stands adjourned.
judges: Lynn, Wardlaw, Fletcher W.